UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 03-10141-GAO

UNITED STATES OF AMERICA,

v.

KURT ROBERSON,
Defendant.

OPINION AND ORDER
December 23, 2015

O'TOOLE, D.J.

On July 13, 2004, Kurt Roberson was convicted by a jury of possession with intent to distribute and distribution of fifty grams or more of a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1)[1] and of using or carrying a firearm during and in relation to that drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Both convictions carried statutory mandatory minimum sentences. This Court sentenced Roberson to a term of imprisonment of 300 months: the statutory minimum pursuant to 21 U.S.C. § 841(b)(1)(A)[2] (twenty years) for the drug count in light of the government's filing of a notice under 21 U.S.C. § 851 of a prior felony drug conviction, plus the statutory minimum pursuant to 18 U.S.C. § 924(c)(1)(A)(i) (five years) for the gun count, to be served consecutively. Roberson appealed, and the First Circuit affirmed. United States v. Roberson, 459 F.3d 39 (1st Cir. 2006).

---

[1] In 2010, § 841(a)(1) was amended to increase the aggravating weight from 50 grams to 280 grams.
[2] Section 841(b)(1)(A) provides that "[i]f any person commits [a violation of § 841(a)] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ."

While his direct appeal was pending, Roberson moved *pro se*[3] to vacate the 1996 Stoughton District Court conviction that served as the § 851 predicate for his drug sentencing enhancement. The state court granted his motion to vacate the prior conviction on August 25, 2006, about two weeks after the issuance of the Circuit's opinion in this case.

Roberson subsequently filed this motion pursuant to 28 U.S.C. § 2255 to vacate his federal sentence. The government opposed the motion and thereafter counsel was appointed for Roberson. After further briefing and oral argument, I denied the motion, concluding that a defendant whose sentence is enhanced because of the existence of a prior conviction under §§ 841 and 851 may not use a post-sentencing § 2255 motion to vacate the imposed sentence on the basis of a subsequent vacation of the prior conviction. United States v. Roberson, 684 F. Supp. 2d 179 (D. Mass. 2010).

However, I granted Roberson's motion to amend his § 2255 motion to add a claim that his trial counsel had been constitutionally ineffective in violation of the Sixth Amendment in failing to attack the state court conviction in state court *prior* to Roberson's federal sentencing.

An evidentiary hearing on the ineffective assistance of counsel claim was held, and the parties then submitted memoranda in support of their arguments and were heard in oral argument.

**I.**     **The Ineffective Assistance Claim**

To assert a claim of ineffective assistance of counsel under the Sixth Amendment, a petitioner must demonstrate that (1) his attorney rendered performance that fell below an objective standard of reasonableness, and (2) as a result of his attorney's unreasonable performance, he suffered actual prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). As to deficient performance, a reviewing court must determine "whether, in light of all circumstances, identified

---

[3] Although Roberson filed his motion *pro se*, an attorney supplemented the papers and argued the motion in state court.

acts or omissions were outside the wide range of professional competent assistance." Id. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. As to prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[A]lthough the possibility of a different outcome must be substantial in order to establish prejudice, it may be less than fifty percent." Ouber v. Guarino, 293 F.3d 19, 25-26 (1st Cir. 2002) (citing Strickland, 466 U.S. at 693).

In this case, the central issue is what Roberson's counsel could or should have done to avoid the enhancement based on the 1996 state court conviction. Roberson argues that counsel was ineffective in the constitutional sense because he did not thoroughly investigate the state court proceedings and thus did not discover the grounds upon which the 1996 conviction might have been, and thereafter actually was, vacated.

    A.    Unreasonable Performance

As a general matter, the record reveals that Roberson was vigorously defended by his counsel, an attorney with substantial experience in criminal law, both as a prosecutor in the United States Attorney's Office and the Middlesex County District Attorney's Office and as a defense attorney in private practice. The evidence revealed that counsel spent 375 hours working on Roberson's case, and the defense team as a whole spent over 700 hours.

According to his testimony at the evidentiary hearing, counsel initially pursued a plea agreement with the government in an effort to avoid the statutory mandatory minimum. When that was not successful, counsel diligently defended Roberson at trial, filing pre-trial motions related

to jury voir dire and the exclusion of evidence, proposing jury instructions, and filing motions for acquittal under Rules 29(a) and 29(c) of the Federal Rules of Criminal Procedure. After trial, counsel focused on sentencing, lodging many objections to the presentence report and filing several sentencing memoranda. Although his legal arguments were unsuccessful, I imposed a sentence of twenty-five years, the lowest sentence possible given the mandatory minimums and significantly below the Sentencing Guideline range of thirty-five years to life. After sentencing, counsel pursued an appeal to the First Circuit, albeit unsuccessfully, and ultimately filed a petition for certiorari to the Supreme Court, which was denied.

However, although as a general matter counsel's representation of Roberson was vigorous and skillful, Roberson contends that his counsel's performance was constitutionally ineffective in the <u>Strickland</u> sense because he failed adequately to investigate the predicate 1996 conviction. In particular, Roberson argues that his counsel did not retrieve and review the full case file for the state court proceedings and consequently did not notice several irregularities in the paperwork that ultimately formed the basis for the later vacation of the conviction.

Roberson's prior counsel testified at the evidentiary hearing that he requested and obtained through a document retrieval service a number of state court criminal records in order to consider challenging any convictions that might impact sentencing. He testified that he studied the file for the 1996 conviction in order to determine if there was something in it that would provide a good faith basis to challenge the underlying conviction. He understood that there was a presumption of regularity with regard to the conviction and that Roberson would have the burden of undermining that presumption. After a review of the various documents and discussions with Roberson, he concluded that he did not have a good faith basis to do so.

It appears, however, that he did not follow up on some important issues that should have stood out to him. For instance, one state court form has a section called "disposition method," where a checked box indicates whether a case was resolved by guilty plea or admission to sufficient facts accepted after colloquy and appropriate warnings, bench trial, jury trial, or none of the above. None of the boxes was checked, with the consequence that the form in this respect was ambiguous as to whether Roberson's constitutional rights had been observed or not.[4] Similarly, although Roberson had signed a "Tender of Plea or Admission Waiver of Rights" (on a form colloquially called the "green sheet"), there was no signature from plea counsel indicating that Roberson's rights had been explained to him and no signature from the presiding judge certifying that he had conducted the required plea colloquy. Roberson's counsel did not know of these omissions because he did not see the back of the green sheet; it was missing from the packet of documents he reviewed. Roberson argues that he should have noticed the absence of such an important part of the file.

The government argues that Roberson was the best source of what happened at his plea, and there is no evidence that he ever claimed to his counsel that there had been some deficiency or irregularity in the proceedings. But the government's argument misses the point. An attorney's obligation to fully investigate the facts of the case does not hinge on whether his client has raised any particular issue, particularly here where there was only one predicate offense that served to add ten years to Roberson's mandatory minimum sentence. See, e.g., ABA Standards for Criminal Justice, 4-4.1; cf. Rompilla v. Beard, 545 U.S. 374, 381-89 (2005). Counsel concedes that the irregularities identified above—had he noticed them at the time—would have served as a colorable

---

[4] Additionally, there is no box checked indicating he was advised of his right to a jury trial and there are no tape numbers corresponding to the start and stop times of the plea colloquy recording.

basis to mount a challenge to the underlying conviction. Indeed, they were the reasons Roberson was eventually able to get the 1996 conviction vacated. According to testimony of the attorney who assisted Roberson in challenging the 1996 conviction, the irregularities were unusual. Additionally, Roberson's expert witness at the hearing testified that appropriate diligence would require federal counsel to fully investigate prior convictions by obtaining a complete case file, and further that the defects that were apparent in the file should have alerted counsel to the possibility of a strong basis for challenging the prior conviction.

In sum, the defects in the state court record were noticeable, if not apparent, from the papers counsel did review. Counsel's failure to notice those defects prevented him from exploiting them to Roberson's advantage by vacating the prior conviction, as ultimately happened. On the evidence adduced at the hearing, I find that the first prong of the Strickland test has been proven.

B.     Prejudice

The next question is whether there is a reasonable probability that but for counsel's errors identified above, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694. If counsel had obtained a full case file and examined it with the requisite care, counsel would have noticed the irregularities and, as counsel now concedes, would have sought to challenge the 1996 conviction. As that conviction was eventually vacated because of those same irregularities, at the very least it can be said that there would have been a substantial possibility that such a challenge, made before sentencing in Roberson's federal case, would have been successful.

The question then is whether, if the prior conviction had been vacated before sentencing in this case, the sentencing outcome here would have been different. There is a substantial possibility it would have been. In the first place, it is unlikely as a matter of fact that the government would

have urged enhancement of Roberson's sentence because of a state conviction that had already been set aside.[5] It is also unlikely that, had the government urged the enhancement, I would have agreed. As the parties know, I have taken a rather stricter view than some others of § 851's procedure for challenging the validity of prior convictions in the course of federal sentencing and thereafter. See Roberson, 684 F. Supp. 2d at 189. The reasons for those conclusions do not support the different conclusion that a defendant in a federal criminal case whose prior state conviction had been vacated *before* the federal sentencing could still have his sentence enhanced on the basis of what the state courts had declared an invalid conviction. To the contrary, it is consistent with the strict view I have taken of the § 851 procedure to incentivize defendants who think they have faulty prior convictions to timely seek from the state court a ruling to that effect in advance of the determination of the pending federal sentence.

For these reasons, I conclude that Roberson has also satisfied the second, or prejudice, prong of the Strickland test.

## II.     Conclusion

For the foregoing reasons, Roberson's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is GRANTED. The sentence imposed is hereby vacated. The parties shall appear before the Court, at a date and time to be set by the Clerk, to discuss resentencing. Roberson will remain in custody pending further order by the Court.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[5] The government indicated as much at oral argument in December 2015.